[Cite as *In re C.H.*, 2020-Ohio-135.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

In re C.H.                                    Court of Appeals No. E-18-063

                                             Trial Court No. 2016 JB 0013

                                             <u>**DECISION AND JUDGMENT**</u>

                                             Decided:  January 17, 2020

* * * * *

Lurlia A. Oglesby, for appellant.

* * * * *

**ZMUDA, P.J.**

## I.  Introduction

{¶ 1} Appellant, A.H. ("father"), appeals the judgment of the Erie County Court of Common Pleas, Juvenile Division, awarding legal custody of father's son, C.H., to the child's mother, K.L. ("mother"), and ordering father to pay child support.

## A. Facts and Procedural Background

**{¶ 2}** On February 3, 2016, mother filed a complaint with the trial court, in which she sought an order from the court allocating parental rights and responsibilities for C.H. between father and herself. In the complaint, mother sought to be designated C.H.'s residential and legal custodian, and requested an award of child support for C.H., among other things. Along with her complaint, mother filed an affidavit of income and expenses, in which she recognized yearly income of $25,000 and estimated father's yearly income at $200,000. Mother further indicated that her monthly expenses totaled $2,512.41, $700 of which was attributable to child-related expenses for C.H.

**{¶ 3}** The trial court set the matter for hearing, and mother proceeded with discovery. During the discovery phase of these proceedings, mother propounded discovery requests upon father on three separate occasions. Father failed to respond to these requests, prompting mother to file a motion to compel discovery on October 4, 2016. In her motion, mother stated that her discovery requests were sent to father via U.S. mail on July 22, 2016, hand-delivered to father at an August 31, 2016 pretrial conference, and sent to father via U.S. mail a second time on September 1, 2016.

**{¶ 4}** On October 6, 2016, the trial court granted mother's motion to compel discovery, ordering father to comply with mother's discovery requests no later than November 11, 2016.

**{¶ 5}** On November 17, 2016, father filed his answer. The next day, mother filed a motion for discovery sanctions and a motion to deem her requests for admissions

2.

admitted. In her motion, mother asserted her belief that father's refusal to comply with her discovery requests was motivated by his desire to conceal his income to avoid paying child support. Mother went on to add that

> the income numbers set forth in the request for production of documents are based on information provided to [her] by interviewing [father's] friends, business associates, as well as information provided to [her] by [father] during their relationship, and that the figures are based on [her] best guess as to how much income [father] earns, which [she] believes to be substantial.

{¶ 6} Based upon father's failure to respond to her repeated discovery requests, mother requested a default judgment awarding her custody of C.H. and establishing child support based upon an annual income of $250,000 for father and $30,000 for mother.

{¶ 7} On March 22, 2017, the trial court issued an interim child support order, directing father to pay monthly interim child support in the amount of $600. Because father did not comply with the child support order, mother filed a motion to show cause on July 6, 2017. Two weeks later, the trial court issued an order directing father to appear on September 14, 2017, and show cause as to why he should not be held in contempt for failing to comply with the trial court's support order.

{¶ 8} Additionally, on July 21, 2017, the trial court issued its order granting mother's motion for discovery sanctions and motion to deem her requests for admissions admitted. Pursuant to the trial court's order, mother was awarded legal custody of C.H.,

3.

and father was "prohibited from opposing [mother's] claims, from introducing evidence at trial or otherwise supporting his claims, pursuant to Civ.R. 37(B)(1)(b)."

{¶ 9} On September 12, 2017, father filed a motion to strike mother's discovery requests. In his motion, father argued that mother's discovery requests should be stricken for five reasons. First, father complained that the discovery requests were improperly served, having been served in a manner other than electronically without leave of the court. Second, father argued that the 28-day time allowed for admissions in mother's discovery requests was improper. Third, father contended that mother's instruction to respond under oath by circling the response was improper under Civ.R. 36. Fourth, father argued that three of mother's requests for admission were ambiguous. Fifth, father stated that mother had allowed him to supplement his answer throughout the proceedings, and thus any supplement or amendment to father's admissions would comply with mother's instructions.

{¶ 10} On January 9, 2018, the trial court's magistrate issued an order denying father's motion to strike, and granted a motion for attorney's fees filed by mother on September 13, 2017.

{¶ 11} Thereafter, on August 30, 2018, the matter proceeded to a trial before a magistrate. Mother and father were both present for trial. A transcript of the trial is not part of the record on appeal.

{¶ 12} On October 9, 2018, the magistrate issued his decision, ordering father to pay child support in the amount of $825.93 per month when health insurance is provided,

4.

or $890.97 per month when health insurance is not provided. According to the findings of fact contained within the magistrate's decision, mother is a waitress with an annual income of $35,242 for 2017. The magistrate found that although mother had recently purchased "a number of rental properties," they had not generated any taxable income up to that point. As to father, the magistrate found that $50,000 was a reasonable annual income for father, who is employed at International Jewelry, and rejected mother's estimate of father's income based on the lack of evidentiary support for such an estimate.

{¶ 13} Following receipt of the magistrate's decision, on October 24, 2018, father filed a request for a recording of the August 30, 2018 trial proceedings. On the same day, father filed a motion for an extension of time to file objections to the magistrate's decision, asserting that the trial transcripts were necessary in order to file the objections.

{¶ 14} On October 26, 2018, the trial court issued its judgment entry adopting the findings of the magistrate and ordering father to pay child support in the amounts ordered by the magistrate. On the same day, the trial court denied father's motion for an extension of time to file objections.

{¶ 15} Thereafter, on November 14, 2018, father filed his objections to the magistrate's decision. Before the court could rule on his objections, however, father filed a notice of appeal with this court on November 26, 2018.

## Assignments of Error

{¶ 16} On appeal, father assigns the following errors for our review:

Assignment of Error No. 1: The trial court abused its discretion in not allowing the request for transcripts or recording: the absence of which subsequently formed the basis for the trial court's adoption of the magistrate's decision without regard to the father's objections.

Assignment of Error No. 2: The trial court abused its discretion on de novo review in reaching the legal conclusion that for child support purposes the mother's earned income was $35,242 in wages when the magistrate found that the mother owned a number of rental properties that generated no income.

## II. Analysis

{¶ 17} In his first assignment of error, father argues that the trial court abused its discretion in denying his request for a recording of the trial proceedings, which was made in an effort to support his objections to the magistrate's decision following trial.

{¶ 18} At the outset, we note that the docket in this matter is silent as to the disposition of father's request for a recording. However, the docket does reflect the fact that the trial court denied father's motion for an extension of time to file objections to the magistrate's decision on the basis of its untimeliness. For the sake of argument, we will treat the trial court's denial of father's motion for an extension of time as an implicit

6.

denial of his request for a recording of the trial proceedings, which were requested in order to assist in the preparation of father's objections to the magistrate's decision.

{¶ 19} Under Juv.R. 40(D)(3)(b)(i), a party must file written objections to a magistrate's decision within 14 days of the filing of the decision. Further, Juv.R. 40(D)(3)(b)(iii) requires the party objecting to the magistrate's factual findings to support the objections by submitting a transcript of the proceedings or an affidavit of that evidence if a transcript is not available. Under the rule, the objecting party has 30 days from the date on which the objections are filed to file the transcript or affidavit.

{¶ 20} In this case, the magistrate issued his decision on October 9, 2018. Father filed his request for a recording of the trial proceedings and his motion for an extension of time to file his objections to the magistrate's decision on October 24, 2018, 15 days after the magistrate's decision and one day after the filing deadline for objections under Juv.R. 40(D)(3)(b)(i). Father asserts that his request for a recording of the trial proceedings was timely filed and should not have been implicitly denied, but he does not challenge the trial court's proper determination that the time period for filing objections to the magistrate's decision had expired by the time he sought an extension and access to the recordings.

{¶ 21} Moreover, father provides no explanation as to why he was unable to file timely objections. Although he may not have initially had access to the trial transcripts when filing the objections, father would have been granted an additional 30 days from the date of filing the objections to file the transcript under Juv.R. 40(D)(3)(b)(iii), and he

7.

could have alternatively supported his objections by way of an affidavit of the evidence. Moreover, had father filed objections in a timely fashion, he could have sought leave of court to supplement the objections once a transcript was procured.

{¶ 22} Instead of filing timely objections to the magistrate's decision under Juv.R. 40(D)(3)(b)(i), father waited 15 days to move for an extension of time to file such objections. On these facts, we find that the trial court properly denied father's request for an extension of time to file objections. Because the recording that father requested was to be used to support his untimely objections to the magistrate's decision, we find that the trial court did not err in denying his request for the recording.

{¶ 23} Accordingly, father's first assignment of error is not well-taken.

{¶ 24} In his second assignment of error, father argues that the trial court erred in calculating mother's income based upon an erroneous conclusion that mother's rental properties had generated no income.

{¶ 25} Relevant here, Juv.R. 40(D)(3)(b)(iv) provides:

> Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Juv.R. 40(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b).

{¶ 26} As noted above, father failed to file timely objections to the magistrate's decision, in which the magistrate including findings of fact pertaining to mother's rental

8.

properties and the lack of income generated by those properties. Thus, father has waived all but plain error. *In re G.L.*, 10th Dist. Franklin No. 09AP-955, 2011-Ohio-1086, ¶ 9.

{¶ 27} In his brief to this court, father argues that the trial court erred in calculating mother's gross income with respect to her rental properties. In its entry, the trial court found that mother's waitressing job was her sole source of income, and went on to state that the rental properties "generate no taxable income at this point." According to father, the trial court's preoccupation with the taxability of the income generated from the rental properties was in error because rental income is included in the definition of "gross income" under R.C. 3119.01(C)(12) whether or not it is taxable.

{¶ 28} While it is true that nontaxable rental income is included in the definition of gross income, we cannot say that the trial court committed plain error in its handling of mother's rental properties. The trial court's entry can be read in a number of ways. First, one could read the court's entry to say that the trial court found that the rental properties generated *some* income that was not taxable for one reason or another. Alternatively, one could interpret the court's entry to say that the rental properties had not yet generated any income *at all*. The latter view seems to fit the surrounding circumstances, as the court also noted that mother had "recently purchased" the rental properties. Notably, father has failed to include a transcript of the proceedings or a statement of the evidence under App.R. 9(C) in order to support his argument and establish whether or not mother's rental properties had generated any income, taxable or otherwise. Absent such materials, we must presume the regularity of the trial court's proceedings. *Pardee v. Gregor Repass*

9.

*Precision Motorcars*, 6th Dist. Lucas No. L-01-1412, 2002-Ohio-3573, ¶ 14.

Consequently, father has not demonstrated plain error in the trial court's calculation of

mother's gross income.

{¶ 29} Accordingly, father's second assignment of error is not well-taken.

### III.  Conclusion

{¶ 30} In light of the foregoing, the judgment of the Erie County Court of

Common Pleas, Juvenile Division, is affirmed.  Father is ordered to pay the costs of this

appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

Gene A. Zmuda, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.